## SUPREME COURT.

### HUNT agt. MOOTRY.

In an action for the claim and delivery of personal property, there is no provision in the Code, nor in any statute, for the restitution of the property to the plaintiff, after it is re-delivered to the defendant pursuant to § 211. No further change in the possession seems to be contemplated before judgment.

In a proper case, a court of equity will interpose for the preservation and protection of the property in the hands of the defendant, but not for restitution of the possession to the plaintiff.

*New-York General Term, March,* 1855.

MITCHELL, MORRIS, and CLERKE, Justices.

APPEAL from an order granted at special term, on application of the plaintiff.

Hunt agt. Mootry.

The plaintiff, giving the usual security to the sheriff, commenced an action for the claim and delivery of six paintings, which he valued at $5,000. The defendant, pursuant to § 211 of the Code, caused a sufficient undertaking in the sum of $10,000 to be executed to the sheriff, who, upon the justification of the sureties, re-delivered the property to him. The order appealed from enjoins the defendant to desist and refrain from preventing the *plaintiff from taking possession of the paintings*, upon the plaintiff's giving a "sufficient undertaking that they shall be forthcoming unaltered and unimpaired, to abide such order or decree as the court may hereafter make."

——— ———, *for plaintiff*.
——— ———, *for defendant*.

By the court—CLERKE, Justice. There is no provision in the Code, nor in any statute, for the restitution of the property to the plaintiff, after it is re-delivered to the defendant, pursuant to § 211. No further change in the possession seems to be contemplated, until judgment shall have been rendered. The law gives to the defendant a positive definite right; and the only question is, can the court, in the exercise of its equity jurisdiction, dispense with this, and allow the plaintiff again to take possession? No doubt, courts of equity, upon bill filed, have frequently enforced the restitution of a specific chattel, for which, from having a peculiar artificial value, it was not probable that adequate compensation, by way of damages, would be given by a jury. Thus, the specific delivery to the owner of heir-looms, family pictures, or family plate, an ornamental altar-piece, or even a tobacco-box, has been decreed. But this arose in remote times, from the inadequacy of the remedies afforded at common law.

The action of detinue was insufficient; for the defendant was not only permitted to wage his law, but he had the election to deliver the specific thing, or pay the value of it. The action of trover afforded relief by damages only; and originally the action of replevin applied exclusively to cases of wrongful dis-

tress.  But courts of equity, even then, never compelled the immediate delivery of the property to the plaintiff; but after hearing, at their final judgment, decreed this relief—in the mean time, by injunction, protecting it from being eloigned or defaced, or otherwise injured.

In the present state of the law, where an ample and minute provision is afforded by statute for the specific restitution of personal property, a remedy equivalent to that adopted by courts of equity, seems to be unnecessary; for although, by § 211 of the Code, the defendant is entitled, on giving security, to the re-delivery of the property, I have no doubt this court has the power, in cases of this kind, of granting an injunction, or order, restraining the defendant from injuring or disposing of it; and this, in fact, is all that could have been accomplished, at any time, by applying to a court of equity.

If the order appealed from went no further, and merely enjoined the defendant to this effect, there could have been no difficulty; but, to give the plaintiff a renewed right to the possession of the paintings, after the defendant's compliance with the requirements of § 211, would be going further than any court of equity has ever ventured.   Equity will interpose only where positive law is silent or defective, doubtful or obscure; but, where the will of the legislature is clearly pronounced, the remedial powers peculiar to courts of equity cannot extend the remedy further than the law allows. (*Hale's Lord's Jurisd.* 46.)  Otherwise, these courts would be paramount to the legislature—possessing a dispensing power totally inconsistent with constitutional government.

The order should be reversed without costs, allowing the injunction to stand.